UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS MARTIN, | ) | CASE NO. 1:16 CV 2742 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| REGGIE WARE, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Carlos Martin filed this civil rights action against Ohio Adult Parole

Authority ("OAPA") employees Reggie Ware, Nicole Leligdon, Erin Hoston, and Andre

Imbrogno.  In the Complaint (Doc. # 1), Plaintiff alleges Parole Officer Leligdon lied to him,

caused his arrest on a false parole violation charge, excluded witnesses who could provide

exculpatory evidence, and did not give him credit for time served in the county jail awaiting his

parole violation hearing.  He seeks release from prison and termination of post release control.

## I.  BACKGROUND

Plaintiff contends he had been released from prison on post release control for eight

months when he received telephone call from his parole officer, Nicole Leligdon, asking him to

come to her office for an unscheduled visit.  Plaintiff asked if everything was okay, and

Leligdon assured him everything was fine.  When he arrived, he was arrested and charged with a

parole violation.  He remained in jail for seven days without knowing the nature of the violation

for which he was under investigation.  At the end of the seven day period, Leligdon visited him, and informed him that a female, whom Plaintiff contends he did not know, made some type of allegation against him.  Leligdon told him the female did not follow through with her complaint so he was released.  Plaintiff claims that because Leligdon lied to him about the purpose of his visit, he drove to her office.  Upon his return, he found he had received three parking tickets in his absence.

Plaintiff contends his next scheduled visit with Leligdon was to occur on September 6, 2016.  He received a telephone call from Leligdon on August 15, 2016, stating she needed to review paperwork with him.  He was wary of the unscheduled visit, and asked her several times if anything was wrong.  She assured him there was no subtrafuge and she really just needed to go over paperwork.  He arrived at her office and was arrested again for a parole violation.  He claims he still did not know the nature of the charges against him when he was taken back to the Lorain Correctional Institution on August 23, 2016.  Three days later, Leligdon visited him and informed him that Christina Smith reported to her that Plaintiff had violated the terms of a separation order.  Plaintiff claims Leligdon did not question him or attempt to verify Smith's version of events.

Plaintiff claims Leligdon lied to him and coerced him into waiving a parole violation hearing.  He contends the OAPA originally scheduled a parole revocation hearing for September 13, 2016, but continued it to September 27, 2016 after Plaintiff arranged for witnesses to be present.  He alleges he nevertheless arranged for his witnesses to be present on the new date.  One of those witnesses was his sister, Temeeka Martin.  He claims his sister had text messages

-2-

and recorded telephone calls from Smith saying she would not show up for the hearing if Martin paid her $ 1,800.00.  Plaintiff indicates that when his sister arrived at the building, she was not allowed to go upstairs for the hearing.  Instead, Leligdon questioned her in the lobby about the testimony she would give at the hearing and then informed her that her testimony would not be needed because Plaintiff was going to sign a hearing waiver.  His sister insisted that she be permitted to go upstairs for the hearing but her request was refused.  Plaintiff contends that Leligdon then lied to him and told him his sister was not there and would not be coming because she had a flat tire.  Believing he had no witnesses or evidence to present, Plaintiff claims he signed the waiver.  He was found guilty of the violation and was sanctioned to 77 days in prison. He alleges he was not given credit for the time he spent in jail and prison awaiting the hearing.

Plaintiff does not indicate the legal claims he is attempting to assert in this action.  He seeks release from prison, and relief from the post release control portion of his sentence.  He also asks that Leligdon be removed as a parole officer.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which

-3-

clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*.  Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true."  *Id*.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully."  *Id*.  This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense."  *Id.*

### III.  ANALYSIS

The only relief Plaintiff seeks is release from prison and relief from the post release control portion of his sentence.  He cannot obtain this relief in a civil rights action.  Challenges to the fact or duration of confinement must be brought in a Petition for a Writ of Habeas Corpus and are not the proper subject of a civil rights action brought pursuant to 42 U.S.C. § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

### IV.  CONCLUSION

Accordingly, this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

_____  2/23/2017

**Dan Aaron Polster**
**United States District Judge**

---

[1]     28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.